Opinion
SAETA, J.
Plaintiff, pursuant to an oral contract, performed services for defendant, Mrs. Malito. When only part of his fees were paid, he sued for the balance, and recovered a judgment for $1,800 on November 17, 1977. A writ of execution was issued and levied on State Compensation Fund. Defendant filed a claim of exemption based on Code of Civil Procedure section 690.15 (relating to workers’ compensation benefits) and, after a hearing, the claim was allowed and the funds levied on were returned to defendant.
*Supp. 18 In September 1972 the Workers Compensation Appeals board considered the claim of defendant’s husband, Mr. Malito. That board ordered an award for Mr. Malito who had been injured and disabled while he was an employee of the State of California. As part of the award, the board ordered “Pursuant to stipulation of the parties, Pearl Malito is to be paid $750.00 per month, beginning August 1, 1972 and continuing, for nursing care.” Plaintiff’s levy was made on funds held by the State Compensation Fund to be used to pay for Mrs. Malito’s nursing services.
The question presented for us is whether the $750 per month ordered by the Workers Compensation Appeals Board constitutes wages to Mrs. Malito, reachable by writ of execution on the one hand, or on the other hand are exempt as funds constituting a “claim for workmen’s compensation or compensation awarded, adjudged, or paid” within the nieaning of Code of Civil Procedure section 690.15. As there appears to be no reported decision construing Code of Civil Procedure section 690.15, we decide this case on the basis of what we feel is a reasonable interpretation of the statute. In our view, the sums ordered by the board are wages rather than compensation awarded. We base this on the fact that Mrs. Malito, as an individual, and not as a guardian ad litem on behalf of Mr. Malito, is receiving the money for services she renders. If the award for nursing services had been to one other than Mrs. Malito, i.e., to a company that furnished nursing services to Mr. Malito, we see no reason why creditors of that company could not levy on the sums owing for those nursing services. In fact, prior to Mrs. Malito rendering nursing services, another provider of nursing services, Inter-City Homemakers, performed the work for which Mrs. Malito is now being paid. While the award of nursing services is ultimately for the benefit of Mr. Malito, he will not be deprived of those services provided he chooses a nurse without creditors. As the award had been changed once before (from Inter-city to Mrs. Malito), we see no reason why it may not be changed again to protect Mr. Malito.
The order allowing the claim of exemption is reversed. Appellant to recover his costs on appeal.
Cole, P. J., and Dowds, J., concurred.